IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv110

| | |
|---|---|
| VALERIE HILLIARD,        )<br>                          )<br>    Plaintiff,           )<br>                          )<br>Vs.                       )<br>                          )<br>RHA HOWELL CARE CENTERS,  )<br>INC.; RHA/HOWELL CARE     )<br>CENTERS, INC.; RHA HEALTH )<br>SERVICES, INC.; and RHA/NORTH )<br>CAROLINA MR, INC.,        )<br>                          )<br>    Defendants.          )<br>_____)  | ORDER |

**THIS MATTER** is before the court on the joint Motion to Voluntarily Dismiss Without Prejudice Certain Defendants. Review of the pleadings reveals that the parties have, jointly, determined the proper party defendant to this action and seek a court order to dismiss all other defendants. While this court appreciates the cooperation of counsel, the relief sought cannot be granted as a matter of law.

The parties are respectfully advised of case law applicable in the Asheville Division. A Rule 41 dismissal, either by court order or entered voluntarily, is defective where the parties attempt to dismiss less that the entire <u>action</u> inasmuch as it would be a violation of the language of the Rule 41(a)(1), Federal Rules of Civil Procedure. Fed.R.Civ.P. 41. Specifically, the district court held nine years ago in <u>Gahagan v. North Carolina Hwy. Patrol</u>, 1:00cv52 (W.D.N.C. Oct. 25, 2000):

-1-

> Rule 41 . . . speaks only to the dismissal of "actions." Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Moore's Federal Practice 3d*, § 41,21[2] (citing Skinner v. First Am. Bank of Virginia, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995).

Id. The decision in Gahagan is consistent with Rule 41(a)(1), which speaks only to dismissal of actions, not particular claims or parties. Fed.R.Civ.P. 41. By requiring amendment of a complaint to reflect active claims and active defendants, the court as well as the public can remain aware of the claims plaintiff is making. Further, an amended complaint, if read to a jury, must accurately reflect the claims and the parties in order to avoid confusion. Inasmuch as counsel are in agreement as to the proper parties to this action, there should be no obstacle to amendment of the Complaint by written consent. Fed.R.Civ.P. 15(a)(2).

## ORDER

**IT IS, THEREFORE, ORDERED** that the joint Motion to Voluntarily Dismiss Without Prejudice Certain Defendants (#23) is respectfully DENIED without prejudice.

Signed: July 21, 2009

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge